**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

JOSE ELIAS SEPULVEDA,

     Plaintiff,

vs.                                     1:01-CV-011-SPM

FLOYD GIPSON,

     Defendant.

_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court upon the *pro se* Plaintiff's "Motion in Limine"  (doc. 220) and his "Motion to for Leave of Court to Amend Civil Complaint" (doc. 221).   To date, no response from the Defendant to either motion has been filed.  Plaintiff first requests the exclusion during trial of any reference to the reason for Plaintiff's incarceration at the time of the incidents in question.  Plaintiff argues that the prejudicial nature of this information outweighs any probative value.

To resolve this question, the Court looks to Rule 609 of the Federal Rules of Evidence, which applies to civil as well as criminal cases.  <u>Shingleton v. Armor Velvet Corp.</u>, 621 F.2d 180, 183 (5th Cir. 1980).  Rule 609 would apply to Plaintiff if he takes the stand in his case.  The fact of Plaintiff's conviction is admissible under FED. R. EVID. 609(a) if (1) the conviction is for a crime punishable by

death or imprisonment in excess of one year; (2) the conviction is less than ten years old; (3) the evidence is being used to attack the witnesses credibility; and (4) the probative value of admitting the conviction outweighs its prejudicial effect under a Rule 403 analysis.  However, the Court cannot do the proper analysis without more information regarding the conviction.  Plaintiff must supply this Court with more information regarding the prior conviction in order for the Court to make a proper determination of its admissibility.

With regard to the motion to amend his original complaint in order to add new damages, the Court finds that the request is reasonable.  Pursuant to Federal Rule of Civil Procedure 15(a), this Court finds that justice so requires the granting of leave for Plaintiff to amend his complaint.

Accordingly,  it is **ORDERED AND ADJUDGED** as follows:

1.     If Plaintiff maintains his motion in limine, he must submit to the Court additional information about the conviction, including the offense and the date of the conviction.

2.     If this information is not submitted to this Court, then Plaintiff's motion in limine will be deemed withdrawn.

3.     Plaintiff's Motion to Amend his Complaint (doc. 221) is *__granted__*.

**DONE AND ORDERED** this __twenty-third__ day of June, 2008.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

2