**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

JOSE ELIAS SEPULVEDA,

      Plaintiff,

vs.                                                                                  1:01-CV-011-SPM

FLOYD GIPSON,

      Defendant.

_____/

## <u>ORDER</u>

      Plaintiff, an inmate in a medium security Federal Correctional Institution in Coleman, Florida, seeks relief under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. The lone defendant in this action is Floyd Gipson, who was employed as a correctional officer at the Alachua County Sheriff's Office during the event in question. Gipson let Plaintiff and another inmate Donald Small out of their cells at the same time, in order to obtain haircuts.  While released from their cells inmate Small physically attacked Plaintiff.

      Both inmates were Special Management inmates and in allowing both inmates out of their cell at the same time, Gipson violated three specific Alachua County Correctional Center policies.  1) only one Special management inmate is allowed out of his cell at one time; 2) Special Management inmates must be

placed in leg restraints before leaving their cell; and 3) metal chairs should not have been left in the common area where the inmates were released.  The Eleventh Circuit stated "[h]ad Officer Gipson followed established procedures, Small would not have had the opportunity to attack Sepulveda."  <u>Sepulveda v. Burnside</u>, 170 Fed. Appx. 119, 121 (11th Cir. Fla. 2006).  As a result of the attack, Plaintiff suffered hearing damage.  Plaintiff claims that Gipson was fully aware of Small's animosity towards Plaintiff and Gipson "had good reason to expect that Small would assault Sepulveda if given the opportunity." <u>Id.</u>  "The primary question in this case concerns Officer Gipson's knowledge of the threat that Small posed to Sepulveda, and there is sufficient evidence of such knowledge to establish the subjective element of an Eighth Amendment claim." <u>Id.</u>

Plaintiff is proceeding *pro se.*  It appears that the interest of justice may be served if Plaintiff were represented by counsel in this case, although he has not moved for such appointment.  The court will not appoint an attorney (that is, require an attorney to accept the case), but it will notify members of the court's bar that Plaintiff will benefit from legal representation.  This will be done through the court's electronic fling system.

Accordingly, it is ORDERED that the Clerk of the Court shall send a notice to all members of the court's bar providing in substance:

This is a notice of an opportunity to provide pro bono representation in a case ready to be set for jury trial in Gainesville. The case is <u>Sepulveda v. Burnside</u>, Case No. 1:01cv11.

Plaintiff, an inmate in the Bureau of Prisons, currently incarcerated at a medium security Federal Correctional Institution in Coleman, Florida, seeks relief under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment.  The lone defendant in this action is Floyd Gipson, who was employed as a correctional officer at the Alachua County Sheriff's Office during the event in question. Defendant Gipson allowed Plaintiff and another inmate, Donald Small, out of their cells at the same time, in order to obtain haircuts.  While released from their cells inmate Small physically attacked Plaintiff.

Both inmates were Special Management inmates and in allowing both inmates out of their cell at the same time, Gipson violated three specific Alachua County Correctional Center policies.  1) only one Special management inmate is allowed out of his cell at one time; 2) Special Management inmates must be placed in leg restraints before leaving their cell; and 3) metal chairs should not have been left in the common area where the inmates were released.  The Eleventh Circuit stated "[h]ad Officer Gipson followed established procedures, Small would not have had the opportunity to attack Sepulveda." Sepulveda v. Burnside, 170 Fed. Appx. 119, 121 (11th Cir. Fla. 2006).  As a result of the attack, Plaintiff suffered hearing damage.  "The primary question in this case concerns Officer Gipson's knowledge of the threat that Small posed to Sepulveda, and there is sufficient evidence of such knowledge to establish the subjective element of an Eighth Amendment claim." Id.

The case has not yet been set for trial. There are pending discovery and other pretrial motions that will not be ruled upon until resolution of the matter of possible representation by counsel.

Public funds are not available for payment of attorney's fees. Fees may be recoverable under applicable law if plaintiff ultimately prevails. See 42 U.S.C. § 1988.  Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

Members of the district's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Any attorney who wishes to provide representation may contact plaintiff directly and may enter the case by filing a notice of appearance. If counsel appears, the court will hold a scheduling conference by telephone and will consider what discovery, if any, is indicated.

Any attorney who wishes to appear should file a notice of appearance by **Monday, August 21, 2008**. Subject to Plaintiff's veto, the attorney who appears first will be counsel until the  case is resolved.

DONE AND ORDERED this <u>twenty-third</u> day of July, 2008.

<u>  s/ Stephan P. Mickle  </u>
Stephan P. Mickle
United States District Judge